IN THE COURT OF COMMON PLEAS
BLAIR COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHANDLER COADY and<br>ADELINE COADY, his wife,<br><br>        Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant | No.  2015 GN 00005<br><br>JURY TRIAL DEMANDED |

COMPLAINT IN CIVIL ACTION

Filed on behalf of Plaintiffs

Troy M. Frederick, Esquire
Counsel for Plaintiffs
57 South Sixth Street
P.O. Box 1107
Indiana, PA 15701
Telephone: (724) 349-5602
Fax: (724) 349-8362
Sup. Ct. ID 207461



EXHIBIT A

Jan 07 2015 15:02:04 CST   FROM: F2M/58846309011       MSG# 1627530943-000-1       PAGE 004 OF 013

IN THE COURT OF COMMON PLEAS
BLAIR COUNTY, PENNSYLVANIA

CHANDLER COADY and
ADELINE COADY, his wife,
        Plaintiffs,

vs.

WAL-MART STORES, INC.,
        Defendant.

No. 2015 gn 0005

**JURY TRIAL DEMANDED**

## NOTICE TO PLEAD

TO:    WAL-MART STORES, INC., DEFENDANT

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT REDUCED FEE OR NO FEE.

MidPenn Legal Services
205 Lakemont Park Blvd.
Altoona, PA 16602
800-326-9177 or 814-943-8139

Respectfully submitted by,

MARCUS & MACK, P.C.

By: _____
Troy M. Frederick, Esquire
57 South Sixth Street, P.O. Box 1107
Indiana, PA 15701
Telephone: (724) 349-5602
Sup. Ct. ID 207461

IN THE COURT OF COMMON PLEAS
BLAIR COUNTY, PENNSYLVANIA

CHANDLER COADY and
ADELINE COADY, his wife,

        Plaintiffs,

vs.

WAL-MART STORES, INC.,

        Defendant.

No. 2015 gn 0005

**JURY TRIAL DEMANDED**

## COMPLAINT

AND NOW, come the Plaintiffs, Chandler Coady and Adeline Coady, his wife, by and through their attorneys, Troy M. Frederick, Esquire and Marcus & Mack, P.C., and file the following Complaint:

1. The Plaintiffs, Chandler Coady and Adeline Coady, his wife, are married adult individuals who reside in Tyrone, Blair County, Pennsylvania.

2. The Defendant, Wal-Mart Stores, Inc. (hereafter Defendant Wal-Mart), is an entity incorporated under the laws of Delaware with its principle place of business at SW 8th Street, Bentonville, Arkansas, 72716. Defendant Wal-Mart is registered to do business in the Commonwealth of Pennsylvania, accepting service of process at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Dauphin County, Pennsylvania 17101.

3. At all times relevant, the aforementioned Defendant, was the owner, operator, controller, manager, proprietor, lessor and/or lessee of a store and improvements known as Store No. 2049 located at 2600 Plank Road, Altoona, Blair County, Pennsylvania, 16602, upon which Defendant operated, oversaw, controlled and/or maintained a retail supermarket/supercenter

known and doing business as Wal-Mart Supercenter.

4. At all times relevant, Defendant had and/or was responsible for the care, control, custody, maintenance and/or supervision of said supercenter.

5. At all times relevant, Defendant was acting by and through its duly authorized agents, servants, employees, assigns and/or representatives, who at this point are known only to Defendant, who at all times relevant to this litigation were acting within the course of their relationship and the scope of their authority.

6. Defendant is responsible for the actions, inactions, negligence, carelessness and/or recklessness of its employees, agents, servants, representatives and/or assigns as a matter of respondeat superior and/or vicarious liability.

7. On August 26, 2013, Plaintiff Chandler Coady was walking in a normal and prudent manner in one of the center aisles inside said supercenter when an employee, agent, servant, representative and/or assign of Defendant Wal-Mart, suddenly and without warning, pulled a cart across the center aisle and struck a rack/display of beanbags on an end cap knocking one of the beanbags into the aisle directly in front of Plaintiff which caused Plaintiff to trip and fall to the floor. The presence of this beanbag on the floor constituted a dangerous condition which was created by Defendant. As a result of said incident, Plaintiff Chandler Coady sustained injuries and damages as hereinafter set forth.

8. At all times relevant, Plaintiff Chandler Coady was a business invitee of Defendant.

9. At all times relevant, Defendant had actual and/or constructive knowledge that the presence of the aforesaid beanbag on the supercenter floor constituted a hazardous, dangerous and defective condition for patrons in the supercenter.

10. Defendant knew or should have known of the existence/presence of this dangerous condition since Defendant created the same.

11. Defendant caused and/or created this dangerous condition.

12. The negligent and/or careless manner in which Defendant's employee, agent, servant, representative and/or assign operated the subject cart caused and/or contributed to Plaintiff's injuries and damages as set forth herein.

## COUNT I – NEGLIGENCE
## PLAINTIFF CHANDLER COADY
### vs.
## DEFENDANT WAL-MART STORES, INC.

13. Each of the above paragraphs is incorporated herein by reference.

14. At all times relevant hereto, Defendant acted directly and/or by and through its duly authorized, actual, apparent and/or ostensible agents, servants, employees, representatives and/or assigns, as described herein, who themselves were acting within the course and scope of their actual, apparent and/or ostensible agency, master-servant relationship, affiliation and/or employment with Defendant.

15. Defendant is vicariously liable to Plaintiffs for the negligent acts and omissions of those persons and/or entities whose conduct was under its supervision, control or right of control, and which conduct directly and proximately caused Plaintiff's injuries and losses as discussed herein.

16. The aforesaid incident was caused by the negligence and/or carelessness of the Defendant, and/or of those for whom the Defendant is responsible as discussed herein, in general, and in the following particulars:

a.  In failing to properly maintain the supercenter premises in such a manner as to keep the supercenter floor in a clear and uncluttered manner, which was intended to be used by patrons of the supercenter, in a safe condition;

b.  In failing to properly instruct its employees, agents, servants, assigns and/or representatives of how to properly and safely transport merchandise through its store, in a safe manner;

c.  In failing to properly instruct its employees, agents, servants, assigns and/or representatives of how to stop and clean-up any merchandise which has fallen onto the floor as the result of their transport of merchandise on a cart or dolly;

d.  In failing to remove the beanbag from the supercenter floor aisle;

e.  In failing to inspect and/or to properly inspect the supercenter floor so as to discover the presence of the beanbag on the floor aisle inside the supercenter;

f.  In creating a dangerous, defective and hazardous condition on the supercenter floor by engaging in unsafe and improper methods of floor inspection and/or cleaning;

g.  In creating and/or allowing the presence of a dangerous and hazardous item on the supercenter floor in an area of high-customer traffic;

h.  In creating and/or failing to correct the hazard on the supercenter floor;

i.  In allowing the beanbag to exist and remain on the supercenter floor when Defendant knew, or should have known, of the risk, hazard and danger such condition created for Plaintiff and other patrons;

j.  In failing to warn or adequately warn Plaintiff and/or other patrons of the dangerous condition caused by the beanbag that existed on the supercenter floor when Defendant knew, or should have known, of the danger that such condition presented to patrons of the supercenter and that said patrons would not and/or may not discover the condition;

k.  In failing to properly maintain the supercenter premises to keep the supercenter floors and/or aisles clear;

l.  In failing to take appropriate action to provide a safe area to traverse;

m.  In failing to appropriately warn patrons, and Plaintiff Chandler Coady, in particular, of the presence of the aforementioned dangerous condition;

n. In failing to properly and/or timely inspect the subject floor;

o. In failing to properly and/or timely clean the subject floor;

p. In failing to properly, appropriately and safely secure the subject beanbags in a suitable display;

q. In failing to properly train its employees, agents, representatives, servants and/or assigns on how to properly and safely transport items and/or carts throughout the subject store;

r. In failing to properly train its employees, agents, representatives, servants and/or assigns on how to properly and safely create a display for merchandise so that the items do not fall off said display into the aisle/customer walk way;

s. In failing to properly train its employees, agents, representatives, servants and/or assigns on how to properly, safely, and/or timely respond to a piece of merchandise that is improperly in an aisle/customer walk way;

t. In being responsible for the negligence and/or carelessness of its employees, agents, representatives, servants and/or assigns as a matter of vicarious liability and/or respondeat superior; and

u. In failing to appropriately warn patrons, and Plaintiff Chandler Coady, in particular, of the presence of the aforementioned dangerous condition, especially in the presence of a retail store which has numerous visual distractions;

17. As a direct result of the negligence and/or carelessness of Defendant Plaintiff, Chandler Coady, suffered, among other things, the following injuries:

a. Displaced right femoral neck fracture to his right hip, requiring right hip bipolar hemiarthroplasty surgery;

b. Hematoma formation, anemia, erythema and swelling to his incision, requiring drainage and antibiotic treatments;

c. Pain and discomfort in his right hip;

d. Severe injury to his right hip;

e. Severe emotional distress and shock to his nerves and nervous system;

    f.    Other injuries and damages recoverable by law; and

    g.    Some or all of the above injuries may be permanent in nature.

18. As a result of the aforesaid incident Plaintiff Chandler Coady suffered, among other things, the following damages:

    a.    He has incurred in the past, and will incur in the future, substantial medical expenses;

    b.    He has suffered in the past, and will suffer in the future, substantial pain, suffering, and inconvenience and the loss of certain of the ordinary pleasures of life;

    c.    He has sustained in the past physical scarring and disfigurement;

    d.    He has sustained in the past, and will sustain in the future, other emotional, economic and physical harm.

WHEREFORE, Plaintiff Chandler Coady demands judgment against Defendant, in an amount in excess of the jurisdictional limits of a Board of Arbitrators of this Court.

JURY TRIAL DEMANDED.

## COUNT II – LOSS OF CONSORTIUM

### Adeline Coady, Plaintiff

vs.

### Wal-Mart Stores, Inc., Defendant

19. Each of the above paragraphs is incorporated herein by reference.

20. At all times relevant hereto Plaintiff Adeline Coady was married to, and resided with, Plaintiff, Chandler Coady.

21. As a result of the injuries to her spouse, Plaintiff Adeline Coady, has lost the society, comfort and services of her spouse.

22. As a result of the injuries to her spouse, Plaintiff Adeline Coady has in the past

and/or may in the future be required to expend substantial sums of money for her husband's medical and other health-care expenses.

WHEREFORE, Plaintiff Adeline Coady, demands judgment against Defendant in an amount in excess of the jurisdictional limits of a Board of Arbitrators of this Court.

JURY TRIAL DEMANDED.

Respectfully submitted by,

MARCUS & MACK, P.C.

By: _____
Troy M. Frederick, Esquire
57 South Sixth Street
P.O. Box 1107
Indiana, PA 15701
Telephone: (724) 349-5602
Fax: (724) 349-8362
Sup. Ct. ID 207461

Jan 07 2015 15:04:33 CST   FROM: F2M/58046309011      MSG# 1627530943-000-1      PAGE 012 OF 013

## VERIFICATION

I, Chandler Coady, verify that the averments of the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. A. §4904, relating to unsworn falsification to authorities.

*Chandler Coady*
Chandler Coady

Jan 07 2015 15:04:41 CST   FROM: F2M/58046309811        MSG# 1627530943-000-1      PAGE 013 OF 013

## VERIFICATION

I, Adeline Coady, verify that the averments of the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. A. §4904, relating to unsworn falsification to authorities.

_____
Adeline Coady